UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

_____FILED   _____ENTERED
_____LODGED   _____RECEIVED

DEC 1 6 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___bce___ DEPUTY

TIMOTHY MILLER, JR.

    Plaintiff,

V.                          CIVIL ACTION NO
                                  CCB 11 CV 3604

BUREAU OF COLLECTION RECOVERY LLC

Defendant.                 DECEMBER 13, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Severn, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant Bureau of Collection Recovery, LLC hereinafter "BCR" has a place of business at 7575 Corporate Way, Eden Prairie, Minnesota 55344.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. Defendant communicated with Plaintiff, November 22, 2011, in an attempted to collect a consumer credit card debt.

10. Defendant through their collection agent advised the Plaintiff he owed Capital One $1,408.64.

11. Defendant initially advised the Plaintiff that BCR was hired by Capital One to collect this debt.

12. Plaintiff advised the Defendant that he disputed this debt.

13. Defendant advised the Plaintiff that he could not dispute the debt.

14. Plaintiff asked BCR if they reported collection accounts to the credit bureaus. The collection agent advised the Plaintiff, that BCR does report to the Credit Bureaus.

15. Plaintiff asked BCR if they reported his debt to the credit bureaus and the collection agent advised Plaintiff they did.

16. Plaintiff asked BCR if they would report his debt to the credit bureaus as disputed and the collection agent stated he would not report Plaintiff's dispute to the credit bureaus.

17. Defendant through their collection agent advised the Plaintiff, that if he disputed this debt, he would notify his client Capital One that Mr. Miller "refused to pay."

18. Plaintiff asked BCR's collection agent, if he could tell when the last day he made a payment on this account to Capital One.

19. Defendant advised the Plaintiff the last payment was made 11 years ago.

20. Plaintiff asked BCR's collection agent if BCR had purchased this account.

21. Defendant BCR through their collection agent then advised Plaintiff, "yes BCR purchased this account."

22. Plaintiff realized during the phone call that BCR's collection agent intentionally mislead him by stating BCR worked for Capital One.

23. Plaintiff realized that BCR intentionally lied to him about reporting his disputes as a refusal to pay to Capital One.

24. Plaintiff realized that BCR intentionally lied to him about reporting the account to the credit bureaus as Capital One's last payment was 11 years ago and had been charged off.

25. Defendant failed to provide the required notice pursuant to 1692e (11) in its communication with the Plaintiff.

26. Defendant has inadequate procedures in place to avoid such error.

27. In the collection efforts, the Defendant violated the FDCPA; inter alia, §1692e, f and g and has suffered actual damages including anxiety, nervousness; fear and worry; embarrassment and humiliation.

## SECOND COUNT

28. The allegations of the First Count are repeated and realleged as if fully set forth herein.

29. Within three years prior to the date of this action defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

## THIRD COUNT

30. The allegations of the First Count are repeated and realleged as if fully set forth herein.

31. Within three years prior to the date of this action defendant has engaged in acts and practices as to plaintiff in violation of the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff actual damages and $1,000 in statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiff Statutory damages pursuant to Maryland Consumer Debt Collection Act § 14-204 et seq;

3. Award Plaintiff statutory damages pursuant to the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq;

4. Award the Plaintiff costs of suit and a reasonable attorney's fee;

5. Award declaratory and such other and further relief as this Court may provide.

THE PLAINTIFF
BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com